UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERANCE VALENTINE,

    Applicant,

v.                                    CASE NO. 8:13-cv-30-T-23TBM
                                          ( **Death Case** )

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **ORDER**

      Valentine applies for the writ of habeas corpus under 28 U.S.C. § 2254 and challenges the validity of his state conviction for murder, for which he was sentenced to death. An earlier order (Doc. 11) directs the respondent to first address any ground that he contends is not entitled to a review on the merits. In response, the respondent moves to dismiss grounds I, III, IV, VII, VIII, IX, and XIV. (Doc. 13) Valentine opposes the motion and the respondent replies. (Doc. 15 and 17)

**Background:**

      Valentine was convicted of first-degree murder, attempted first-degree murder, two counts of kidnapping, grand theft, and burglary, for which he was sentenced to death. *Valentine v. State*, 616 So. 2d 971, 972 (Fla. 1993) ("*Valentine I*"), reverses the convictions and provides a concise description of the murder:

> Livia Romero married Terance Valentine while she was a teenager in Costa Rica and the couple emigrated to the United States in 1975, settled in New Orleans, and adopted a child. After seeking to divorce Valentine in 1986, Romero married Ferdinand Porche and the family moved to Tampa, where they began receiving telephoned threats from Valentine. On September 9, 1988, Valentine armed himself, forced his way into the family's home, wounded Porche, drove both Romero and Porche to a remote area and shot them. Romero survived and immediately told police Valentine was her assailant.

When retried, Valentine was again convicted on all counts and sentenced to death. The convictions and sentences were affirmed. *Valentine v. State*, 688 So. 2d 313 (Fla.), *cert. denied*, 522 U.S. 830 (1997) ("*Valentine II*"). Valentine unsuccessfully challenged his convictions and sentences in a motion for post-conviction relief. *Valentine v. State*, 98 So. 3d 44 (Fla. 2012) ("*Valentine III*").

**Exhaustion and Federal Question:**

The respondent argues that Valentine failed to present four[1] grounds to the state courts, specifically:

> I. The trial judge erred by ruling that the Husband-Wife privilege of section 90.504, Florida Evidence Code, was inapplicable with respect to the counts where Ferdinand Porche was the victim.
>
> III. The trial judge erred by denying Petitioner's motion to strike the footprint exhibits because the expert's opinion was so speculative that it could not reasonably link the prints to Petitioner.

---

[1] In his reply the respondent withdraws his argument that Valentine failed to present ground XIV to the state courts.

> VIII. The sentencing judge erred by finding that the cold, calculated and premeditated aggravating circumstance was proved.
>
> IX. The sentencing judge failed to find several mitigating circumstances which petitioner had established by a reasonable quantum of evidence.

A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971). *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."); *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

The respondent correctly argues that grounds I, III, VIII, and IX are unexhausted because, although presented to the state courts, Valentine presented each ground only as a violation of state law and failed to assert each ground as a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995), teaches that briefing an issue as a matter of state law is insufficient to exhaust a federal claim on the same grounds:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*See also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). *See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted). Because Valentine presented the grounds as a violation of only state law, Grounds I, III, VIII, and IX are unexhausted.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those

claims."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."); *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), *appeal after remand, Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999).

A claim barred by a procedural default in state court remains barred in federal court, absent a demonstration of "actual cause and prejudice" or "manifest injustice." *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Engle v. Isacc*, 456 U.S. 107 129 (1981); *Wainwright v. Sykes*, 422 U.S. 72 (1977); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Valentine asserts a basis for neither "cause and prejudice" nor a "fundamental miscarriage of justice." As a consequence, grounds I, III, VIII, and IX are procedurally barred from federal review.

The respondent also argues that grounds I, III, and XIV,[2] as asserted in the federal application, allege a violation of only state law and not constitutional law.

---

[2] Ground XIV alleges that, "[c]umulatively, the combination of procedural and substantive errors deprived Petitioner of a fundamentally fair trial guaranteed under the Fourth, Fifth, Sixth, Eighth, and Fourteenth amendments to the United States Constitution and the corresponding provisions of the Florida Constitution."

Federal habeas corpus review of an alleged violation of state law is limited by statute. "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a general principle, an alleged violation of state law fails to assert a constitutional issue:

> Questions of state law rarely raise issues of federal constitutional significance, because "[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1053-54 (11th Cir. 1983) (citations omitted). We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render "the entire trial fundamentally unfair." *Id.* at 1054 (defective jury charge raises issue of constitutional dimension "only if it renders the entire trial fundamentally unfair"); *see also Futch v. Dugger*, 874 F.2d at 1487 (improperly admitted evidence "must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial"). "[T]he established standard of fundamental fairness [when reviewing state evidentiary rulings] is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.'" *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (*quoting Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976)).

*Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992). As a consequence, grounds I, III, and XIV are not subject to federal review because neither ground asserts the violation of a constitutionally protected right.

**Procedurally Barred in State Court:**

The respondent argues that ground IV is not subject to federal review because the state court found the claim procedurally barred. In ground IV Valentine alleges that "[t]he trial court's refusal to appoint an expert in jury selection was a denial of due process and equal protection of law under the extraordinary circumstances of this case." *Valentine II*, 688 So. 2d at 318, n.9, rejects this claim as "not preserved." Generally, before a claim is procedurally barred from federal review, a state court must reject reviewing the incorrectly presented claim:

> [T]he mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

*Harris v. Reed*, 489 U.S. 255, 262 (1989) (*quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). *Harris* instructs that the state court opinion must contain "a 'plain statement' that [the state court's] decision rests upon adequate and independent state grounds." *Harris*, 489 U.S. at 261 (*quoting Michigan v. Long*, 463 U.S. 1032, 1042 (1983)). State courts are presumed to apply their state procedural rules:

> When a state court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, we "cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim." *Kight v. Singletary,* 50 F.3d 1539, 1545 (11th Cir. 1995) (citing *Tower v. Phillips,* 7 F.3d 206, 209 (11th Cir. 1993)), *see also, Coleman v. Thompson,* 501 U.S. 722, 111 S. Ct. 2546, 2557, 115 L. Ed. 2d 640 (1991).

*Zeigler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir. 2003), *cert. denied*, 543 U.S. 842 (2004). The statement in *Valentine II* that the claim was "not preserved," and the court's not considering the claim any further, is a "plain statement" of the application of a state procedural rule. As a consequence, ground IV is procedurally barred from federal review.

**Moot:**

The respondent argues Valentine is entitled to no relief under ground VII, which alleges that "Petitioner's conviction for attempted murder in the first degree should be vacated because it may rest on a theory of attempted felony murder — a nonexistent offense." The respondent correctly argues that *Valentine II*, 688 So. 2d at 317, already granted him relief:

> Valentine next argues that his conviction for attempted first-degree murder is error. We agree. The jury was instructed on two possible theories on this count, attempted first-degree felony murder and attempted first degree premeditated murder, and the verdict fails to state on which ground the jury relied. After Valentine was sentenced, this Court held that the crime of attempted first-degree felony murder does not exist in Florida. *See State v. Gray*, 654 So. 2d 552 (Fla. 1995). Because the jury may have relied on this legally unsupportable theory, the conviction for attempted first-degree murder must be reversed. *See Griffin v. United States*, 502 U.S. 46, 112 S. Ct. 466, 116 L. Ed. 2d. 371 (1991).

As a consequence, ground VII is moot.

Accordingly, the respondent's motion to dismiss (Doc. 13) is **GRANTED**. Grounds I, III, IV, VII, VIII, IX, and XIV are **DISMISSED**. On or before **MONDAY, AUGUST 10, 2015**, the respondent must respond to the remaining

- 8 -

grounds.  On or before **MONDAY, SEPTEMBER 28, 2015** (or within thirty days after the respondent complies with this order, whichever occurs later), Valentine must reply to the response.  The respondent has **TWENTY (20) DAYS** to file a final reply.

ORDERED in Tampa, Florida, on June 12, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE